63   515
68   487

THE STATE, THE CITY OF ELIZABETH, PROSECUTOR, v.
THE NEW JERSEY JOCKEY CLUB ET AL.

Submitted March 20, 1899—Decided June 12, 1899.

The determination of the state board of taxation, on the appeal of a taxpayer from an assessment of taxes against his property, can only be set aside for error of law. In determining whether such error exists, this court will consider only those facts which were before the board as the foundation of its decision, and this consideration will be limited to ascertaining whether there was legal evidence before that body upon which its finding may be supported.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *James C. Connolly.*

*Contra, Frank Bergen.*

The opinion of the court was delivered by

GUMMERE, J.   The prosecutor seeks to have set aside and annulled a determination of the state board of taxation, reducing the assessed valuation of the property of the New Jersey Jockey Club from $50,000 to $15,000.   The action complained of was taken by the board, on the application of the jockey club, and after hearing testimony offered, on behalf both of the city and the club, as to the true value of the property assessed.   The principal ground upon which the action of the state board is attacked is that its right to review the action of the city assessors exists only after the taxpayer has exhausted such remedies against an illegal or excessive assessment as are afforded by the city charter, viz., by appealing to the local board of assessment and review.   In view of the wording of section 8 of the act creating the state board of taxation, and prescribing its duties, the soundness of this ground of attack may well be doubted.   By that section it is made the duty of the board to meet at certain designated times " for the purpose of hearing the complaint of any taxpayer respecting the taxes assessed against him in respect to his property ;   *   *   *   and any taxpayer, feeling himself aggrieved by the assessment of taxes against him in respect to his property, or the action of any board of tax review may file a petition of appeal to the state board of taxation setting forth therein his cause of complaint, and asking the relief which he desires ; and the state board of taxation shall proceed summarily to hear and dispose of such complaint."   *Gen. Stat., p.* 3346.

As the statute authorizes the taxpayer to appeal to the state board not only when he feels aggrieved by the action of a board of tax review, but also when he feels aggrieved by an assessment on his property, it would seem that he may seek relief from an excessive assessment by applying either to the local board of tax review or directly to the state board of taxation, as he may elect.

It is not necessary, however, to decide this question at the present time, for the case shows that, prior to applying to the state board for relief, the jockey club made a written application to the board of assessment and revision of taxes of the city of Elizabeth for a reduction of the valuation put upon their property (which was a race-track with the accompanying stables, grand-stands and betting pavilions), on the ground that the adoption by the people of New Jersey of what is known as the anti-gambling amendment to the state constitution had very largely depreciated the value of their property. That such was the effect of the adoption of this amendment upon the various race-tracks located within this state is a matter of public notoriety. The local board of review, however, took no action upon the defendant's application, but permitted the original assessment to stand, the valuation remaining as it was before the amendment was adopted. It was because of the action, or rather the non-action, of the local board of tax review, upon its appeal, that the jockey club petitioned to the state board of taxation for relief. The power of that board to entertain the appeal, under the circumstances existing, is too clear for argument.

The only other ground upon which the action of the state board is challenged is that the proofs taken by the parties upon the return of the writ show that the reduction in valuation made by it was much greater than the facts warranted.

The eighteenth section of the *Certiorari* act (*Gen. Stat., p.* 370) imposes upon this court the duty of determining disputed questions of fact in all *certiorari* cases brought to review any tax or assessment, and authorizes the parties to

take such testimony as they may deem necessary to properly present the questions involved to the court; and it is apparently in pursuance of this statutory provision that the proofs referred to have been taken. But this legislation has been superseded, so far as the decisions of the state board of taxation in cases like the present are concerned, for, by the terms of the eighth section of the act creating that body and already cited, such decisions are made "final and conclusive." By this latter legislation this court is relieved of the duty of settling disputed questions of fact in reviewing such decisions, and the right of the parties to take testimony for the purpose of properly presenting such questions to the court is taken away. All that we can consider in such cases is whether there is any error of law in the decision brought up by the writ, and in determining that question the only facts which are pertinent are those which were before the state board and upon which its decision is based; and even those facts will be considered only so far as may be necessary to determine whether there was legal evidence before the board upon which its finding may be supported. If there was such evidence then the determination of the board cannot be disturbed even though the evidence would not have led us to the same conclusion. *Wilson* v. *City of Hudson,* 3 *Vroom* 365; *South Brunswick* v. *Cranbury,* 23 *Id.* 298.

The facts which were submitted to the state board, and which are the basis of its decision, have not been brought before this court, and, in their absence, we cannot say that they do not afford a legal support to that decision.

The determination of the state board of taxation, reducing the valuation of the property of the defendants, will be affirmed, with costs against the prosecutors.